Nos. 13-1636, 14-1016

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

JOHN R. GAMMINO,

*Plaintiff-Appellant*,

*v.*

SPRINT COMMUNICATIONS COMPANY, L.P.,
SPRINT SPECTRUM, L.P., AND VIRGIN MOBILE USA, L.P.,

*Defendants-Cross Appellants.*

Appeals from the United States District Court for the Eastern District of Pennsylvania in case no. 10-cv-2493, Judge Cynthia M. Rufe

## REPLY BRIEF OF DEFENDANTS-CROSS APPELLANTS SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT SPECTRUM, L.P., AND VIRGIN MOBILE USA, L.P.

John J. Cotter
David A. Simons
Solandra J. Craig
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950
Telephone (617) 261-3100
Facsimile (617) 261-3175

*Attorneys for Defendants-Cross Appellants*

April 17, 2014

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 1

II. THE UNDISPUTED FACTS ESTABLISH THAT CLAIMS 8,
10-14, 22, 24-28 AND 35-41 WERE FOUND INVALID IN *SWB*............ 1

III. RESPONSE TO MR. GAMMINO'S ARGUMENTS ............................... 4

    A.    The *SWB* Court Requested That The Number Of Claims Be
Reduced For Trial, Not Summary Judgment....................................... 4

    B.    Later Citations To The Amended Disclosures
Do Not Indicate That SWB or the *SWB* Court
Acknowledged A Withdrawal Of Claims............................................ 6

IV. CONCLUSION..................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

Alexander v. Grand Prairie Ford, L.P.,
   2007 U.S. Dist. LEXIS 39438, at *36 (N.D. Tex. May 31, 2007)..........................3

Equal Employment Opportunity Comm'n v. Exxon Mobil Corp.,
   2007 U.S. Dist. LEXIS 39071, at *3 (N.D. Tex. May 30, 2007)............................3

Gammino v. Southwestern Bell Telephone, L.P.,
   512 F. Supp.2d 626 (N.D. Tex. 2007), *aff'd on other grounds*,
   267 Fed. Appx. 949 (Fed. Cir. 2008) ................................................................1, 2

Kira, Inc. v. All Star Maint., Inc.,
   294 Fed. Appx. 139, 140 (5th Cir. 2008) ..............................................................2

Vulcan Mat'ls Co. v. Town of Sunnyvale,
   2012 U.S. Dist. LEXIS 130822, at *7 (N.D. Tex. Sept. 13, 2012).........................2

I.   **INTRODUCTION**

Sprint conditionally cross-appeals the District Court's refusal to hold claims 8, 10-14, 22, 24-28, and 35-41 of the '125 patent invalid. As detailed in Sprint's cross-appeal brief, these claims were invalidated in *Gammino v. Southwestern Bell Telephone, L.P.*, 512 F. Supp.2d 626 (N.D. Tex. 2007), *aff'd on other grounds*, 267 Fed. Appx. 949 (Fed. Cir. 2008), and Mr. Gammino is therefore collaterally estopped from asserting them against Sprint.

II.  **THE UNDISPUTED FACTS ESTABLISH THAT CLAIMS 8, 10-14, 22, 24-28 AND 35-41 WERE FOUND INVALID IN *SWB***

The following facts were not disputed by Mr. Gammino's Opposition Brief:

- At the time Southwestern Bell ("SWB") moved for summary judgment of invalidity, claims 8, 10-14, 22, 24-28 and 35-41 were asserted against it by Mr. Gammino. (A1755.)

- In addition, at the time SWB moved for summary judgment, it had a counterclaim pending seeking a declaratory judgment of invalidity of *all* claims. (A1728-33.)

- SWB moved for summary judgment of all claims asserted at that time, including claims 8, 10-14, 22, 24-28 and 35-41. (A1755.)

- Mr. Gammino's attempt to "withdraw" these claims came after summary judgment briefing in *SWB* was complete. His "withdrawal"

1

was not accompanied by a Motion to Withdraw or a covenant not to sue. He simply filed a document entitled "Amended Disclosure of Asserted Claims." (A1464-1484.)

- The *SWB* Court never acknowledged the "Amended Disclosure of Asserted Claims" or referenced it in any opinion.

- The *SWB* Court's written decision invalidated all of the "asserted claims," and explicitly referenced two of the purportedly "withdrawn" claims in its opinion. *SWB*, 512 F. Supp.2d at 639, 642.

As discussed in Sprint's cross-appeal brief, these facts establish that: (a) the *SWB* Court had jurisdiction to rule on claims 8, 10-14, 22, 24-28, and 35-41, and (b) the *SWB* Court did, in fact, invalidate all of the claims attacked by SWB's summary judgment motion.

Perhaps the most compelling fact - ignored by Mr. Gammino's Opposition brief - is that the *SWB* Court *granted* SWB's summary judgment motion, rather than granting it "in part." In the Fifth Circuit, where *SWB* was decided, it is "customary" for courts to state that "all relief not expressly granted is hereby DENIED." *See Kira, Inc. v. All Star Maint., Inc.*, 294 Fed. Appx. 139, 140 (5th Cir. 2008). Indeed, the judge who authored the *SWB* decision has used such language in his other opinions. *See, e.g., Vulcan Mat'ls Co. v. Town of Sunnyvale*, 2012 U.S. Dist. LEXIS 130822, at *7 (N.D. Tex. Sept. 13, 2012) ("All other relief

not expressly granted herein is hereby DENIED."); *Alexander v. Grand Prairie Ford, L.P.*, 2007 U.S. Dist. LEXIS 39438, at *36 (N.D. Tex. May 31, 2007) ("Any relief not expressly granted herein is also denied."); *Equal Employment Opportunity Comm'n v. Exxon Mobil Corp.*, 2007 U.S. Dist. LEXIS 39071, at *3 (N.D. Tex. May 30, 2007) ("Accordingly, any relief not expressly granted herein, is DENIED.") The absence of such language from the *SWB* Court's decision makes clear that the court intended to grant - and did grant - all relief requested in SWB's Motion for Summary Judgment.

In the instant case, the District Court ruled that, in light of Mr. Gammino's "Amended Disclosure" filing, the *SWB* Court was required to make an "express statement" invalidating the purportedly withdrawn claims. (A1074-76.) Respectfully, this placed the burden in the wrong place. Where these claims were properly before the *SWB* Court by virtue of a fully briefed summary judgment motion, it was Mr. Gammino who had the burden to effectively withdraw them by motion rather than by simply filing an "Amended Disclosure." And where the *SWB* Court *granted* the summary judgment motion, it was Mr. Gammino's burden to seek reconsideration, if he felt that certain claims should have been excluded from the ruling. He did neither.

Accordingly, claims 8, 10-14, 22, 24-28, and 35-41 were invalidated in *SWB* and cannot now be asserted against Sprint.

## III. RESPONSE TO MR. GAMMINO'S ARGUMENTS

Mr. Gammino's Opposition does not rebut any of the above facts or legal arguments. Instead, Mr. Gammino argues that two additional facts demonstrate that his Amended Disclosure effectively withdrew claims 8, 10-14, 22, 24-28 and 35-41. First, Mr. Gammino argues that the *SWB* Court directed him to reduce the number of claims, and second, Mr. Gammino cites to pleadings filed before the *SWB* Court granted SWB summary judgment, stating that these pleadings cite to the Amended Disclosures and not to the Original Disclosure. Neither of these arguments indicate that the *SWB* Court acknowledged Mr. Gammino's Amended Disclosure as effectively withdrawing any claims from summary judgment.[1]

### A. The *SWB* Court Requested That The Number Of Claims Be Reduced For Trial, Not Summary Judgment

Mr. Gammino first argues that the *SWB* Court "specifically directed Gammino to amend the Original Declaration to reduce the number of asserted claims" during its *Markman* Hearing, and his "Amended Disclosure" should

---

[1] Mr. Gammino's arguments are inconsistent with what he told this Court during his appeal in *SWB*. In Mr. Gammino's petition for rehearing before the Federal Circuit, Mr. Gammino argued that "[t]he District Court found that SWB's prior art anticipated all claims of Gammino's two patents (APP-15), U.S. Patents 5,809,125 and 5,812, 650. … The District Court's Opinion on which this Court has based its Opinion only addresses 48 of 53 Gammino's claims." The 48 claims that Mr. Gammino states the *SWB* Court addressed includes all the claims he now argues were not invalidated. *See* John R. Gammino's Petition for Rehearing, p. 2, A-1874-75.

4

therefore be credited. (Response and Reply Brief of Plaintiff ("Gammino Reply") at 36.) In fact, however, the judge's *Markman* hearing statement was a request that the parties reduce the number of asserted claims *for trial*. The *Markman* transcript cited by Mr. Gammino omits the following pertinent statement by the *SWB* Court:

> Court: Okay. I've got your claims construction chart. I kind of want to start by telling you this: Do y'all think that we can get the claims down to any fewer, ever? Or is this as few as you think it will ever get? Kind of your feelings about that. I don't know.
>
> …
>
> Court: Here's one thought that I had. And just think about this, I'm not trying to box you into that. It's just, we can't submit ***to a jury*** 40 different claims. We just can't -- I mean, they just can't do it.

*SWB Markman* transcript, 10: 5-9, 22-25 (A1781-82) (emphasis added). Thus, the *SWB* Court was requesting that the parties reduce the number of claims before trial, not immediately eliminate claims from the pending - and already fully briefed - summary judgment motions.

Moreover, even if the Court were requesting that the parties reduce the number of claims for summary judgment, Mr. Gammino could not do that unilaterally without a motion. As noted above, the summary judgment motion was fully briefed, and SWB had a counterclaim pending. There is no indication that the Court ever acknowledged or accepted Mr. Gammino's "Amended Disclosure"

5

filing, and in fact, there is clear evidence the Court did not: its opinion explicitly references two of the purportedly "withdrawn" claims.

> **B. LATER CITATIONS TO THE AMENDED DISCLOSURES DO NOT INDICATE THAT SWB OR THE *SWB* COURT ACKNOWLEDGED A WITHDRAWAL OF CLAIMS**

That other papers filed after summary judgment briefing was complete cite to Mr. Gammino's Amended Disclosures is of no significance. In his Reply Brief, Mr. Gammino notes that both he and SWB referenced the "Amended Disclosure of Asserted Claims" in briefing a Motion to Dismiss and a Motion to Compel. These motions, however, concerned Mr. Gammino's failure to comply with a court order directing him to provide infringement claim charts for each accused product. A-1879-80. The Motions had nothing to do with the motion for summary judgment of invalidity, which had already been fully briefed.[2]

Nothing in these later filings, therefore, constitutes evidence that Mr. Gammino had successfully withdrawn claims 8, 10-14, 22, 24-28, and 35-41 from summary judgment. As noted above, the *SWB* Court never mentioned the "Amended Disclosure" in any of its orders or opinions, and, critically, its summary judgment opinion explicitly referenced two of the purportedly "withdrawn" claims.

---

[2] In the case of SWB's Supplemental Expert report cited in Mr. Gammino's Reply Brief, the Amended Disclosures are simply mentioned as one of the documents made available to and/or reviewed by SWB's damages expert after his initial report.

These facts cannot be reconciled with Mr. Gammino's contention that the *SWB* Court credited his "Amended Disclosure" as effectively withdrawing claims 8, 10-14, 22, 24-28 and 35-41 from summary judgment.

## IV. CONCLUSION

For the reasons discussed above, in the event it does not affirm the judgment of non-infringement, the Court should reverse the District Court's denial of Summary Judgment of Invalidity for claims 8, 10-14, 22, 24-28, and 35-41, and hold those claims invalid.

Respectfully submitted,

  /s/ John J. Cotter

> John J. Cotter
> David A. Simons
> Solandra J. Craig
>
> K&L Gates LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA  02111-2950
> Telephone (617) 261-3100
> Facsimile (617) 261-3175

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, true and correct copies of the foregoing **REPLY BRIEF OF DEFENDANTS-CROSS APPELLANTS SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT SPECTRUM, L.P., AND VIRGIN MOBILE USA, L.P.** was electronically filed through the Court's ECF system and served via the Court's transmission of the Notice of Docket Activity to the registered parties below:

Kevin R. Casey
STRADLEY RONON STEVENS
& YOUNG
30 Valley Stream Parkway
Malvern, PA 19355
kcasey@stradley.com

W. Mark Mullineaux
ASTOR WEISS KAPLAN & MANDEL LLP
200 South Broad Street, Suite 600
Philadelphia, PA 19102
mmullineaux@astorweiss.com

I further certify that I will file six copies of the foregoing with the Clerk of Court by hand upon:

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the
Federal Circuit
717 Madison Place, NW
Washington, DC 20439

/s/ John J. Cotter
John J. Cotter

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 28.1(e) and Federal Circuit Rule 28.1(e), I hereby certify that, based on the word count function of Microsoft Word, the foregoing contains 1,391 words and therefore complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

Dated: April 17, 2014

/s/ John J. Cotter
John J. Cotter